

**John P. McEntee**
Partner

Direct Dial: 516.227.0608
Direct Fax: 516.336.2219
jmcentee@farrellfritz.com

400 RXR Plaza
Uniondale, NY 11556
www.farrellfritz.com

Our File No.
34796.102

July 19, 2019

**BY ECF**
Hon. Allyne R. Ross
United States District Judge
United States District Court
Eastern District Of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re:  Rupal Shah v Ebix, Inc., et al**
      **Docket No. 19-cv-03229 (ARR) (JO)**

Dear Judge Ross:

We represent defendants Ebix, Inc. ("Ebix"), Robin Raina ("Raina"), Darren Joseph ("Joseph"), and Ash Sawhney ("Sawhney") in the above-captioned action. I write to request, under the Court's Individual Practice Rules, a pre-motion conference for a motion to extend Defendants time to respond to the Complaint through July 26, 2019.

Plaintiff Rupal Shah ("Shah") was formerly employed by Ebix as a commissioned salesperson. Raina, Joseph, and Sawhney were and are executives employed by Ebix. Shah makes three allegations in the Complaint. First, that Ebix failed to pay him amounts he believed were due to him under Ebix's written sales commission plan ("Plan"), comprising sales commissions, raises, bonuses, and a paid holiday (*see* Complaint, ¶¶ 37-71). Although Shah asserts the Plan, and an amendment to the Plan, are annexed to the Complaint (*see* Complaint, ¶¶ 37, 40), they are not (*see* Complaint, Docket Entry 1). Second, that his compensation was sometimes not timely paid during the years he worked at Ebix (*id.*, ¶ 74-75), that in late 2017 he realized he did not receive a raise, and that he only received his backpay for this raise in March, 2018 (*id.*, ¶ 76-79). Third, Shah alleges he did not receive payment for his last three days of employment by Ebix (*id.*, ¶ 11, 80-81). Based upon these allegations, Shah asserts claims against Ebix for breach of contract and unjust enrichment, and against all the defendants under the New York State Labor Law.

On July 15, 2019, Shah filed a request for a Certificate of Default (*see* Docket Entry 7), alleging a response to the Complaint was due on July 2, 2019 (*id.*). There has been no such application for the individual defendants, for whom service is disputed, recently resulting in re-service. This

Hon. Allyne R. Ross
July 19, 2019
Page 2 of 2

morning, I contacted the attorney for Shah, Inessa M. Huot, Esq., to obtain her agreement to a
date, July 26, 2019, by which Defendants would respond to the Complaint.  As of the filing of
this letter I have not received a response.

On the motion, the Defendants will present meritorious defenses to the claims in the Complaint.
For example, Shah alleges that, for multi-year contracts, he was entitled to commissions under
the Plan for a period up to 36 months, but was improperly capped at 18 months (Complaint, ¶¶
52-59).  But, the Plan expressly states Ebix reserved the right to change the terms of the plan
prospectively, and Shah was notified in writing on September 30, 2014 that commissions going
forward would be limited to 18 months.  Despite this change, Shah continued to work Ebix until
October, 2018.  Indeed, the proof will show Shah was paid all moneys to which he was entitled
under the Plan.

I therefore respectfully request a conference for a motion to extend Defendants' time to respond
to the Complaint through July 26, 2019.

Respectfully submitted,

John P. McEntee

JPM/

cc:    All Counsel of Record (By ECF)

FF\8565991.1