UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------- x
RUPAL SHAH,

               Plaintiff,

    -against-

EBIX, INC., ROBIN RAINA, in his individual and professional capacities, DARREN JOSEPH, in his individual and professional capacities, and ASH SAWHNEY, in his individual and professional capacities,

               Defendants.
----------------------------------------x

**ANSWER TO SECOND AMENDED COMPLAINT WITH COUNTERCLAIM**

Case No. 19-cv-03229-ARR-JO

       Defendants, by their attorneys, Farrell Fritz, P.C., as and for their Answer to the Second Amended Complaint ("Complaint"), allege as follows:

       1)    Admit plaintiff Rupal Shah ("Shah") was employed by defendant Ebix, Inc. ("Ebix"), that for a period of his employment by Ebix he worked as a commissioned sales representative, that he received commissions on transactions exceeding one million dollars in revenue, and otherwise deny the allegations in paragraph "1" of the Complaint.

       2)    Deny the allegations in paragraph "2" of the Complaint.

       3)    Deny the allegations in paragraph "3" of the Complaint.

       4)    State Ebix complied with the terms of the written Commission Plan covering Shah's sales activities, and otherwise deny the allegations in paragraph "4" of the Complaint.

       5)    State Ebix complied with the terms of the written Commission Plan covering Shah's sales activities, and otherwise deny the allegations in paragraph "5" of the Complaint.

       6)    State Ebix complied with the terms of the written Commission Plan covering Shah's sales activities, and otherwise deny the allegations in paragraph "6" of the Complaint.

7) Deny the allegations in paragraph "7" of the Complaint, except admit Defendants filed a counterclaim against Shah.

8) Deny knowledge or information sufficient to form a belief as to the allegations in paragraph "8" of the Complaint.

9) Deny knowledge or information sufficient to form a belief as to the allegations in paragraph "9" of the Complaint.

10) Deny knowledge or information sufficient to form a belief as to the allegations in paragraph "10" of the Complaint.

11) Deny knowledge or information sufficient to form a belief as to the allegations in paragraph "11" of the Complaint.

12) Admit the allegations in paragraph "12" of the Complaint.

13) Admit Shah was employed by Ebix, and otherwise deny the allegations in paragraph "13" of the Complaint.

14) Admit the allegations in paragraph "14" of the Complaint.

15) Admit the allegations in paragraph "15" of the Complaint.

16) Admit the allegations in paragraph "16" of the Complaint.

17) Admit Shah was employed by Ebix, and otherwise deny the allegations in paragraph "17" of the Complaint.

18) Admit the allegations in paragraph "18" of the Complaint.

19) Admit defendant Robin Raina ("Raina"), as Chief Executive Officer of Ebix, exercised control over the policies and operations of Ebix, and otherwise deny the allegations in paragraph "19" of the Complaint.

20) Admit Raina, as Chief Executive Officer of Ebix, exercised control over the policies and operations of Ebix, and otherwise deny the allegations in paragraph "20" of the Complaint.

21) Admit Raina, as Chief Executive Officer of Ebix, exercised control over the policies and operations of Ebix, and otherwise deny the allegations in paragraph "21" of the Complaint.

22) Deny the allegations in paragraph "22" of the Complaint.

23) Admit the allegations in paragraph "23" of the Complaint.

24) Deny the allegations in paragraph "24" of the Complaint.

25) Deny the allegations in paragraph "25" of the Complaint.

26) Deny the allegations in paragraph "26" of the Complaint.

27) Deny the allegations in paragraph "27" of the Complaint.

28) Admit the allegations in paragraph "28" of the Complaint.

29) Deny the allegations in paragraph "29" of the Complaint.

30) Deny the allegations in paragraph "30" of the Complaint.

31) Deny the allegations in paragraph "31" of the Complaint.

32) Deny the allegations in paragraph "32" of the Complaint.

33) Admit the allegations in paragraph "33" of the Complaint.

34) Admit Ebix hired Shah as a sales representative for EbixExchange, and otherwise deny the allegations in paragraph "34" of the Complaint.

35) Admit the allegations in paragraph "35" of the Complaint.

36) Refer to the offer letter for the terms thereof, and otherwise deny the allegations in paragraph "36" of the Complaint.

37) Admit the allegations in paragraph "37" of the Complaint.

38) Refer to the Commission Plan for the terms thereof, and otherwise deny the allegations in paragraph "38" of the Complaint.

39) Refer to the Commission Plan for the terms thereof, and otherwise deny the allegations in paragraph "39" of the Complaint.

40) Refer to the Commission Plan for the terms thereof, and otherwise deny the allegations in paragraph "40" of the Complaint.

41) Refer to Amendment 1 for the terms thereof, and otherwise deny the allegations in paragraph "41" of the Complaint.

42) Refer to Amendment 1 for the terms thereof, and otherwise deny the allegations in paragraph "42" of the Complaint.

43) Deny knowledge or information about what Shah refers to as a "new commission agreement," and otherwise deny the allegations in paragraph "43" of the Complaint.

44) State the Commission Plan was further amended, as provided for in the Commission Plan, and otherwise deny the allegations in paragraph "44" of the Complaint.

45) Deny the allegations in paragraph "45" of the Complaint.

46) Deny the allegations in paragraph "46" of the Complaint.

47) Refer to the Commission Plan for the terms thereof, and otherwise deny the allegations in paragraph "47" of the Complaint.

48) Deny the allegations in paragraph "48" of the Complaint.

49) Refer to the subject email for the terms thereof, and otherwise deny the allegations in paragraph "49" of the Complaint.

50) Refer to the subject email for the terms thereof, and otherwise deny the allegations in paragraph "50" of the Complaint.

51) State Ebix complied with the terms of the written Commission Plan covering Shah's sales activities, and otherwise deny the allegations in paragraph "51" of the Complaint.

52) Deny any breach of the Commission Plan, and otherwise deny the allegations in paragraph "52" of the Complaint.

53) Refer to the Commission Plan for the terms thereof, and otherwise deny the allegations in paragraph "53" of the Complaint.

54) Deny any breach of the Commission Plan, and otherwise deny the allegations in paragraph "54" of the Complaint.

55) Admit Shah worked to obtain orders for Ebix products and services, that these orders exceeded one million dollars, and otherwise deny the allegations in paragraph 55 of the Complaint.

56) Deny the allegations in paragraph "56" of the Complaint.

57) Deny the allegations in paragraph "57" of the Complaint.

58) State Ebix complied with the terms of the written Commission Plan covering Shah's sales activities, and otherwise deny the allegations in paragraph "58" of the Complaint.

59) State Ebix complied with the terms of the written Commission Plan covering Shah's sales activities, and otherwise deny the allegations in paragraph "59" of the Complaint.

60) Deny any breach of the Commission Plan, and otherwise deny the allegations in paragraph "60" of the Complaint.

61) Deny the allegations in paragraph "61" of the Complaint.

62) Admit Shah was involved, with others, in efforts by Ebix to obtain orders for services from the identified client, that the costs of these services involved millions of dollars, and otherwise deny the allegations in paragraph "62" of the Complaint.

63) Refer to the referenced documents for the terms thereof, and otherwise deny the allegations in paragraph "63" of the Complaint.

64) State Ebix complied with the terms of the written Commission Plan covering Shah's sales activities, and otherwise deny the allegations in paragraph "64" of the Complaint.

65) Deny any breach of the Commission Plan, and otherwise deny the allegations in paragraph "65" of the Complaint.

66) Refer to the Commission Plan for the terms thereof, and otherwise deny the allegations in paragraph "66" of the Complaint.

67) Refer to the Commission Plan for the terms thereof, and otherwise deny the allegations in paragraph "67" of the Complaint.

68) Refer to the Commission Plan for the terms thereof, and otherwise deny the allegations in paragraph "68" of the Complaint.

69) Refer to the Commission Plan for the terms thereof, and otherwise deny the allegations in paragraph "69" of the Complaint.

70) Deny the allegations in paragraph "70" of the Complaint.

71) State Ebix complied with the terms of the written Commission Plan covering Shah's sales activities, and otherwise deny the allegations in paragraph "71" of the Complaint.

72) Deny any breach of the Commission Plan, and otherwise deny the allegations in paragraph "72" of the Complaint.

73) Admit Shah was paid regularly, and otherwise deny the allegations in paragraph "73" of the Complaint.

74) Refer to the Commission Plan for the terms thereof, and otherwise deny the allegations in paragraph "74" of the Complaint.

75) Deny the allegations in paragraph "75" of the Complaint.

76) Deny the allegations in paragraph "76" of the Complaint.

77) Admit the allegations in paragraph "77" of the Complaint.

78) Deny knowledge or information sufficient to form a belief as to the allegations in paragraph "78" of the Complaint.

79) Admit Shah raised questions about his compensation when he transitioned to a new position in June, 2016 and received a raise in salary, and otherwise deny the allegations in paragraph "79" of the Complaint.

80) Admit Shah received back-pay in 2018 in the approximate amount of $33,000 arising from an administrative error, and otherwise deny the allegations in paragraph "80" of the Complaint.

81) Deny the allegations in paragraph "81" of the Complaint.

82) Deny any moneys are owed to Shah, and otherwise deny the allegations in paragraph "82" of the Complaint.

83) Deny the allegations in paragraph "83" of the Complaint, except admit Plaintiff filed a Complaint on or about May 30, 2019, and respectfully refer the Court to the Complaint for the contents thereof.

84) Admit the allegations in paragraph "84" of the Complaint.

85) Refer to the Answer with Counterclaim for the contents thereof, and otherwise deny the allegations in paragraph 85 of the Complaint.

86) Refer to the Answer with Counterclaim for the contents thereof, and otherwise deny the allegations in paragraph 86 of the Complaint.

87) Refer to the Answer with Counterclaim for the contents thereof, and otherwise deny the allegations in paragraph 87 of the Complaint.

88) Refer to the Answer with Counterclaim for the contents thereof, and otherwise deny the allegations in paragraph 88 of the Complaint.

89) Deny the allegations in paragraph "89" of the Complaint.

90) Deny the allegations in paragraph "90" of the Complaint.

91) Admit the Counterclaim was not interposed until the commencement of this action, and otherwise deny the allegations in paragraph "91" of the Complaint.

92) Deny the allegations in paragraph "92" of the Complaint.

93) Answering paragraph "93" of the Complaint, repeat the foregoing responses.

94) Admit Shah received and executed the Commission Plan, which was amended from time to time in accordance with its terms, and otherwise deny the allegations in paragraph "94" of the Complaint.

95) Acknowledge the Commission Plan, as amended from time to time, was executed by Shah and was a binding agreement, and otherwise deny the allegations in paragraph "95" of the Complaint.

96) Deny the allegations in paragraph "96" of the Complaint.

97) Deny the allegations in paragraph "97" of the Complaint.

98) Deny the allegations in paragraph "98" of the Complaint.

99) Answering paragraph "99" of the Complaint, repeat the foregoing responses.

100) Admit Shah received and executed the Commission Plan, which was amended from time to time in accordance with its terms, and otherwise deny the allegations in paragraph "100" of the Complaint.

101) Admit Shah received and executed the Commission Plan, which was amended from time to time in accordance with its terms, and otherwise deny the allegations in paragraph "101" of the Complaint.

102) Deny the allegations in paragraph "102" of the Complaint.

103) Deny the allegations in paragraph "103" of the Complaint.

104) Deny the allegations in paragraph "104" of the Complaint.

105) Deny the allegations in paragraph "105" of the Complaint.

106) Answering paragraph "106" of the Complaint, repeat the foregoing responses.

107) Paragraph "107" of the Complaint states a legal conclusion as to which no response is required. To the extent a response is required, deny knowledge or information sufficient to form a belief as to the allegations in paragraph "107" of the Complaint.

108) Paragraph "108" of the Complaint states a legal conclusion as to which no response is required. To the extent a response is required, deny knowledge or information sufficient to form a belief as to the allegations in paragraph "108" of the Complaint.

109) Paragraph "109" of the Complaint states a legal conclusion as to which no response is required. To the extent a response is required, deny knowledge or information sufficient to form a belief as to the allegations in paragraph "109" of the Complaint.

110) Deny the allegations in paragraph "110" of the Complaint.

111) Deny the allegations in paragraph "11" of the Complaint.

112) Deny the allegations in paragraph "112" of the Complaint.

113) Deny the allegations in paragraph "113" of the Complaint.

114) Answering paragraph "114" of the Complaint, repeat the foregoing responses.

115) Paragraph "115" of the Complaint states a legal conclusion as to which no response is required. To the extent a response is required, deny knowledge or information sufficient to form a belief as to the allegations in paragraph "115" of the Complaint.

116) Paragraph "116" of the Complaint states a legal conclusion as to which no response is required. To the extent a response is required, deny knowledge or information sufficient to form a belief as to the allegations in paragraph "116" of the Complaint.

117) Paragraph "117" of the Complaint states a legal conclusion as to which no response is required. To the extent a response is required, deny knowledge or information sufficient to form a belief as to the allegations in paragraph "117" of the Complaint.

118) Deny the allegations in paragraph "118" of the Complaint.

119) Deny the allegations in paragraph "119" of the Complaint.

120) Deny the allegations in paragraph "120" of the Complaint.

121) Deny the allegations in paragraph "121" of the Complaint.

122) Answering paragraph "122" of the Complaint, repeat the foregoing responses.

123) Paragraph "123" of the Complaint states a legal conclusion as to which no response is required. To the extent a response is required, deny knowledge or information sufficient to form a belief as to the allegations in paragraph "123" of the Complaint.

124) Paragraph "124" of the Complaint states a legal conclusion as to which no response is required. To the extent a response is required, deny knowledge or information sufficient to form a belief as to the allegations in paragraph "124" of the Complaint.

125) Paragraph "125" of the Complaint states a legal conclusion as to which no response is required. To the extent a response is required, deny knowledge or information sufficient to form a belief as to the allegations in paragraph "125" of the Complaint.

126) Deny the allegations in paragraph "126" of the Complaint.

127) Deny the allegations in paragraph "127" of the Complaint.

128) Deny the allegations in paragraph "128" of the Complaint.

129) Deny the allegations in paragraph "129" of the Complaint.

130) Answering paragraph "130" of the Complaint, repeat the foregoing responses.

131) Paragraph "131" of the Complaint states a legal conclusion as to which no response is required. To the extent a response is required, deny knowledge or information sufficient to form a belief as to the allegations in paragraph "131" of the Complaint.

132) Paragraph "132" of the Complaint states a legal conclusion as to which no response is required. To the extent a response is required, deny knowledge or information sufficient to form a belief as to the allegations in paragraph "132" of the Complaint.

133) Paragraph "133" of the Complaint states a legal conclusion as to which no response is required. To the extent a response is required, deny knowledge or information sufficient to form a belief as to the allegations in paragraph "133" of the Complaint.

134) Paragraph "134" of the Complaint states a legal conclusion as to which no response is required. To the extent a response is required, deny knowledge or information sufficient to form a belief as to the allegations in paragraph "134" of the Complaint.

135) Paragraph "135" of the Complaint states a legal conclusion as to which no response is required. To the extent a response is required, deny knowledge or information sufficient to form a belief as to the allegations in paragraph "135" of the Complaint.

136) Deny the allegations in paragraph "136" of the Complaint.

137) Deny the allegations in paragraph "137" of the Complaint.

138) Answering paragraph "138" of the Complaint, repeat the foregoing responses.

139) Paragraph "139" of the Complaint states a legal conclusion as to which no response is required. To the extent a response is required, deny knowledge or information sufficient to form a belief as to the allegations in paragraph "139" of the Complaint.

140) Paragraph "140" of the Complaint states a legal conclusion as to which no response is required. To the extent a response is required, deny knowledge or information sufficient to form a belief as to the allegations in paragraph "140" of the Complaint.

141) Paragraph "141" of the Complaint states a legal conclusion as to which no response is required. To the extent a response is required, deny knowledge or information sufficient to form a belief as to the allegations in paragraph "141" of the Complaint.

142) Paragraph "142" of the Complaint states a legal conclusion as to which no response is required. To the extent a response is required, deny knowledge or information sufficient to form a belief as to the allegations in paragraph "142" of the Complaint.

143) Deny the allegations in paragraph "143" of the Complaint.

144) Deny the allegations in paragraph "144" of the Complaint.

145) Deny the allegations in paragraph "145" of the Complaint.

All allegations in the Complaint not specifically admitted are denied.

## AFFIRMATIVE DEFENSES

The assertion of the following defenses as affirmative defenses is not an acknowledgment Defendants bears the burden of establishing these, or any other, defenses.

### FIRST AFFIRMATIVE DEFENSE

Shah's claims are barred, in whole or in part, by payment.

### SECOND AFFIRMATIVE DEFENSE

Shah's claims are barred, in whole or in part, by the doctrines of waiver and estoppel.

### THIRD AFFIRMATIVE DEFENSE

Shah, to the extent his principal activity was of a supervisory, managerial, executive or administrative nature, is excluded from the protections of Article 6 of the New York State Labor Law.

### FOURTH AFFIRMATIVE DEFENSE

Any and all actions taken regarding Shah's employment, or the terms and conditions thereof, were taken without any misconduct by Defendants and were undertaken in good faith, based on legitimate business reasons.

### FIFTH AFFIRMATIVE DEFENSE

Shah, to the extent he purports to bring claims on behalf of non-parties to this action, lacks standing.

### COUNTERCLAIM

1) Ebix is a Delaware corporation with an office and principal place of business in John's Creek, Georgia.

2) Upon information and belief, Shah is a resident of the County of Suffolk, State of New York.

3) During the period from on or about February, 2014 through on or about October, 2018, Shah was employed by Ebix.

4) Upon information and belief, during his employment by Ebix, Shah worked out of a home office in Suffolk County, New York.

5) From the beginning of his employment through on or about June 1, 2016, Shah worked as an Enterprise Sales Executive for the EbixExchange Division of Ebix.

6) Beginning on or about June 1, 2016, Shah was promoted to the position of Vice President and placed in charge of sales of business development consulting solutions in North America for Ebix Consulting.

7) In this role, Shah negligently and maliciously failed, ignored, and refused to process client requests and work orders for services, resulting in the removal of Ebix from clients' list of preferred vendors, a substantial loss of revenues, and substantial long-term harm to the client relationships.

8) On or about September 21, 2018, Shah notified Ebix he would be resigning from his employment.

9) At the time he notified Ebix of his resignation, Shah was directed in writing by the Human Resources Department of Ebix to return to Ebix his company-issued property, including his company-issued laptop computer.

10) At the time he notified Ebix of his resignation, Shah was advised in writing by the Human Resources Department of Ebix that upon the return of his company-issued laptop computer his personal information would be removed from the computer to ensure its confidentiality.

11) Upon Ebix's receipt of Shah's company-issued laptop computer, it was determined Shah had deleted, or caused to be deleted, *all* information and data on the computer, including Ebix customer orders and information, email communications between Shah and Ebix

customers, and emails between Shah and Ebix employees, thereby purposely spoliating and destroying information relevant to his unfaithfulness to Ebix and to the claims and counterclaims in this action.

12) Shah owed a duty of good faith and loyalty to Ebix.

13) Shah was prohibited from acting in any manner inconsistent with his agency or trust, and at all times was bound to exercise the utmost good faith and loyalty in the performance of his duties to Ebix.

14) Shah breached these duties to Ebix by negligently and maliciously failing, ignoring, and refusing to process client requests and work orders for services, resulting in substantial loss of revenues and substantial long-term harm to Ebix's client relationships, and by deleting and destroying Ebix customer information.

15) By reason of the foregoing, Ebix has been damaged in an amount to be determined at trial, but estimated to exceed $1,000,000.

16) Ebix is therefore entitled to a money judgment against Shah in an amount to be determined at trial, but estimated to exceed $1,000,000.

WHEREFORE, Defendants demand judgment as follows:

1. A dismissal of the claims in the Complaint, with prejudice;

2. On the Counterclaim, a money judgment against Shah in an amount to be determined at trial, but estimated to exceed $1,000,000;

3. Attorney's fees, pre-judgment interest, and such other and further relief as may be just and proper.

Dated: Uniondale, New York
October 7, 2019

                                      Respectfully submitted,

                                      FARRELL FRITZ, P.C.

                                      /s John P. McEntee
                                      By: John P. McEntee
                                            Kathryn C. Cole
                                      *Attorneys for Defendants*
                                      400 RXR Plaza
                                      Uniondale, NY 11556
                                      Tel. (516) 227-0700

TO:

Inessa Melamed Huot
Alex J. Hartzband
Patrick J. Collopy
FARUQUI & FARUQUI, LLP
*Attorneys for Plaintiff*
685 Third Avenue, 26th Floor
New York, NY 10017